IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SCOTT DALE KIRKHAM,<br><br>               Petitioner,<br><br><br><br>    vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | ORDER<br>and<br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:07-CV-414 TC |

Petitioner Scott Dale Kirkham pleaded guilty to one count of possessing child pornography and was sentenced to prison for 120 months.  After serving his sentence, Mr. Kirkham will be placed on supervised release for life.  This matter is now before the court on Mr. Kirkham's motion under 28 U.S.C. § 2255 to  vacate, set aside or correct his sentence.  Mr. Kirkham, who has filed this motion *pro se*, presents four grounds in support of his motion.

Mr. Kirkham's first and second grounds are related.  As his first ground, Mr. Kirkham asserts that his counsel had a duty to fully investigate the facts of his case, including verifying whether the images were actual or virtual, verifying ages of the persons in the images, interviewing individuals in the images, and verifying that the government could carry its burden on each image.  His second ground is that his counsel should have told him about the duties he alleges in ground one before advising him on the plea.  He also asserts as part of ground two that counsel did not challenge unproven facts at his sentencing hearing.

Mr. Kirkham's third ground is ineffective assistance of appellate counsel. Mr. Kirkham contends that appellate counsel should have told him of his previous counsel's supposed failings, making Mr. Kirkham's decision to dismiss his appeal not knowing and intelligent.

Mr. Kirkham's fourth ground is also for ineffective assistance of appellate counsel. For this ground, Mr. Kirkham asserts that appellate counsel should have appealed his sentence based on Mr. Kirkham's receiving ineffective assistance prior to pleading guilty.

Pleadings made by *pro se* litigants should be construed more liberally than if counsel had drafted them. Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Even under this lenient standard, however, Mr. Kirkham's claims fail. Mr. Kirkham's motion is therefore DENIED.

## BACKGROUND

On October 27, 2005, Mr. Kirkham was charged in a three-count indictment alleging receipt, possession, and distribution of child pornography. Mr. Kirkham entered a plea of guilty to Count II of the indictment, possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (See Statement by Defendant in Advance of Plea of Guilty (the "plea agreement"), Doc. 37 in Case No. 2:05-CR-786 PGC.) In his plea agreement, Mr. Kirkham made the following statement:

> The nature of the charge against me has been explained. I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me.

(Id. at 2.) Mr. Kirkham also acknowledged that the maximum penalty was ten years in prison (see id.) and that the court would make the final determination regarding the length of his sentence (see id. at 4-5). Mr. Kirkham further stated that he decided to enter a plea of guilty "after full and careful thought, with the advice of counsel, and with a full understanding of [his] rights, the facts and circumstances of the case and the consequences of the plea." (Id. at 5.) He

2

went on to affirm that "[n]o threats or promises of any sort" induced his guilty plea, that he had

"no mental reservations concerning the plea, that he had "discussed this case and this plea" with

his attorney "as much as [he] wish[ed] to," and that he was "satisfied with [his] lawyer."  (Id. at

5-6.)

Also as part of his plea agreement, Mr. Kirkham also made the following factual

admissions:

> On October 20, 2005, law enforcement officers executed a search warrant at my
> home.  Agents seized computers, diskettes, recordable compact discs, rewritable
> DVDs and other storage media.  The items were taken to the Regional Computer
> Forensic Laboratory in Salt Lake City.  A later examination revealed at least two
> images depicting minors engaged in a variety of sex acts or posed in a lewd and
> lascivious manner, images that constitute child pornography.  Prior to October 25,
> 2005, I received these images of child pornography via the internet through the
> use of a computer.

(Id. at 3-4.)  The above language stating that "at least two images" had been revealed was the

result of the parties striking a statement that "over six hundred" images had been found.  The

presentence report indicated that 5,129 images of child pornography had found in Mr. Kirkham's

computer files.  (See Presentence Report, Doc. 44 of Case No. 2:05-CR-786 PGC.)

On May 24, 2006 a hearing was held regarding Mr. Kirkham's change of plea.  At that

hearing, the following exchange took place between the court and Mr. Kirkham:

> THE COURT: Then there are rights specifically described in there [the plea
> agreement].  Do you understand that by pleading guilty you'll be giving up those
> rights because we won't have a trial in this case?
>
> THE WITNESS: Yes, I do.
>
> THE COURT:  Do you understand we're not going to have a trial and all the
> rights that are listed in here you're giving up because you're planning to move
> forward with this plea agreement?
>
> THE WITNESS: Correct.

(Tr. of Change of Plea Hearing of 5/24/06 at 4.)  Mr. Kirkham further affirmed that he was "fully

satisfied with the representation" of his counsel, that he had "investigated all the different options

3

that were open to" him.  (Id. at 9.)  He went on to state that he understood that if the court gave

him a different sentence than his attorney's estimated one, he would not be allowed to withdraw

his plea.  (Id. at 9-10.)   When asked by the court whether he would like a trial or to plead guilty,

Mr. Kirkham stated he would "[j]ust move forward with the guilty plea."  (Id. at 10.)

   After some modifications to the language as originally drafted, Mr. Kirkham affirmed the

admissions made in his plea agreement.  (Id. at 5-6.)  Mr. Kirkham further stated that the plea

agreement was the "complete arrangement" that he had made with the government.  (Id. at 8.)

   At the close of the hearing, the court found that Mr. Kirkham's plea was "entered

knowingly and voluntarily with a full awareness of rights, that the defendant knows the nature of

the charges and consequences of the plea, and the plea is supported by an independent basis in

fact containing each of the essential elements of the offense."  (Id. at 10.)

   In the presentence report, the United States Probation Officer calculated Mr. Kirkham's

offense level under the United States Sentencing Guidelines (the "Guidelines") at 36.  The

Officer made this calculation as follows: offense level 18; add 2 levels because the material

involved a prepubescent minor or a minor under the age of 12; add 5 levels because the offense

involved the distribution for the receipt, or expectation of receipt, of a thing of value, but not for

pecuniary gain (membership in the child pornography group); add 4 levels because material

portrayed sadistic or masochistic conduct or other depictions of violence; add 2 levels because a

computer was used for the transmission of the material or a notice or advertisement of the

material; add 5 levels because the offense involved 600 or more images.  (See Presentence

Report at 9-10.)  Based on offense level 36 and criminal history category I, the report determined

the applicable range under the Guidelines to be 188 to 235 months.  (See id. at 15.)  "However,

pursuant to USSG § 5G1.1(a), the guideline range becomes the statutory authorized maximum of

sentence of 120 months."  (Id.)  In response to the presentence report, Mr. Kirkham's counsel

asserted that the report contained various factual inaccuracies.  (See Doc. 40, Case No. 2:05-CR-786 PGC.)   Counsel also objected to the report's failure to give Mr. Kirkham credit for acceptance of responsibility.  (See id.)

On September 26, 2006, Mr. Kirkham's sentencing hearing was held.  At that hearing, Mr. Kirkham's counsel stated that although the plea agreement admitted only to "at least two" images of child pornography, he "guess[ed]" it was more in the 600 range as noted in the presentence report.  (Tr. of Sentencing Hr'g of 9/26/06 at 4.)  Mr. Kirkham's counsel asserted that the government had not provided verification that the images involved children. (See id. at 5.)  He then argued that "this case unjustly raises the minimum . . . because of all of the enhancements for the noncharged conduct that was part of the situation."  (Id.)

Mr. Kirkham's counsel later made clear, however, that his primary objection was to the fact that the government had not given them information relating to the ages of the individuals in the images, and that he was "comfortable" with a waiver of his other objections.  (See id. at 6.) To clarify the issue of the ages of the individuals in the images, the court instructed the government to show Mr. Kirkham, his counsel, and the court some images to determine the age of the individuals depicted in them.  The court viewed some images selected by the government and found as follows:

> I'm going to find based on the image that has just been shown to me, that the presentence report has properly added two levels because of the material involving a pre-pubescent minor.  I'm not going to make a finding that the minor is under the age of 12 because I don't have the necessary expertise to do that, but I do have the ability, based on naked eye observation of the picture, to conclude that is a pre-pubescent minor of a very young age.  And therefore, I'm going to overrule the defense objection, such as it is, to that enhancement.  I'm also going to find as a separate and independent basis for not overruling the defense objection that there was no objection to Paragraph 16 of the presentence report which indicated that was the case.

(Id. at 10.)

Though the court noted that Mr. Kirkham "seemed to be minimizing what was going on just as he has the number of points in this case," it reduced the offense level by three points for acceptance of responsibility and calculated the guideline range level 33, a range of 135 to 168 months.  (See id.)  The court then announced its intention to impose a sentence of 120 months and gave Mr. Kirkham an opportunity to address the court.  (See id.)  Mr. Kirkham stated as follows:

> Yeah.  I pled to the possession charge and I accept responsibility to the possession charge.  Everything I did there I did by myself in the privacy of my own home.  I'm not making it a frivolous matter.  I feel I'm being punished for everything else, the other charges that were supposed to be dropped, that is where all these other enhancements are coming on.  And, you know, and I don't feel I should be punished because of my lawyer not objecting to certain things. . . .   I don't think that is right.  But I mean my feeling is, you know, I am going to be punished for all this other stuff and all of that.  I should have just basically taken the trial.  I mean, you know, you sign an agreement with people and you back out.

(Id. at 11-12.)  The court asked "Who is backing out?"  (Id. at 12.)  Mr. Kirkham answered:

> I accepted responsibility. . . . I offered the FBI this information and all of that but I told them straight up front, you know, you're not going to find anything because I didn't do this part, this other part, this other part.  And Agent Ross will testify to that himself.  I mean I'm being charged for like distribution and receiving and other stuff like that.  The only thing I feel I have done is like okay yes, I did possess these images, but I went out and I downloaded them myself in the privacy of my own home.  I wasn't passing any pictures along to anybody else.  I wasn't buying pictures from anybody to create a market.  I wasn't selling these pictures, you know, to profit from them.  I am not out producing here and creating more victims.
>
> I admit I have got a problem, but I don't think, you know, locking a person up for 10 years is going to solve that problem. . .

(Id. at 12.)  The court then sentenced Mr. Kirkham to 120 months, explaining:

> Let the record be clear that there has been some discussion about distribution and so forth today.  I would impose exactly the same sentence today if this were simply an offense that did not involve distribution.  The sentencing guidelines are advisory.  I followed their advice in this case in imposing the 120 month sentence but if they were to call because of some calculation issue for a sentence below 120 months, I would still impose the 120 month sentence because of the large number of images, the nature of images involved, and the defendant's minimization of his conduct.

6

(Id. at 15.)  Mr. Kirkham filed an appeal of his sentence to the Tenth Circuit.  He later voluntarily dismissed that appeal.

On June 22, 2007, Mr. Kirkham who is in a federal prison, filed the present Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody.[1]

## ANALYSIS

### I.    Ineffective Assistance Of Counsel Prior to Plea And At Sentencing

The court construes Mr. Kirkham's claim of ineffective assistance of counsel prior to pleading guilty and at sentencing as relating to four issues.  First, Mr. Kirkham argues that his counsel was ineffective for failing to undertake an extensive factual investigation relating to the charges against Mr. Kirkham.  Second, Mr. Kirkham asserts that had he known that Mr. Kirkham was supposed to investigate the facts, he would not have plead guilty.  Third, he alleges that counsel did not investigate all the options before advising him to plead guilty.  Finally, Mr. Kirkham contends that his counsel's deficient performance at the sentencing hearing caused his sentence to be increased.

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by the deficiency."  James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  The standard applies to sentencing proceedings and plea hearings as well as at trial.  See United States v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996).  "Judicial scrutiny of counsel's performance is highly deferential."  Id.  To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for

---

[1]Because the petition, memoranda, files and records of this case conclusively show that Mr. Kirkham is entitled to no relief, the court decides this matter without a hearing.  See 28 U.S.C. § 2255.

counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland, 466 U.S. at 694.  There is a strong presumption that counsel provided effective

assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption.  See

James, 211 F.3d at 555.

### A.    Ineffective Assistance of Counsel Prior to Plea

Mr. Kirkham gives several reasons why he believes his counsel was ineffective prior to

his entering the plea.  Mr. Kirkham first argues that his counsel was obligated to undertake a

thorough investigation of every image before advising Mr. Kirkham about his guilty plea.  This

assertion finds no support in the law.  While counsel's failure to investigate potentially

mitigating evidence sometimes amounts to prejudice warranting relief under § 2255, this is not

so in every case.  As explained by United States Supreme Court:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the
> inquiry engaged in by courts reviewing ineffective-assistance challenges to
> convictions obtained through a trial. For example, where the alleged error of
> counsel is a failure to investigate or discover exculpatory evidence, the
> determination whether the error "prejudiced" the defendant by causing him to
> plead guilty rather than go to trial will depend on the likelihood that discovery of
> the evidence would have led counsel to change his recommendation as to the plea.
> This assessment, in turn, will depend in large part on a prediction whether the
> evidence likely would have changed the outcome of the trial.

Hill v. Lockhart, 474 U.S. 52, 59 (1985).  See also United States v. McMahon, 2005 WL 115506,

*9 (10th Cir. Jan. 20, 2005) ("[T]he habeas petitioner must demonstrate that the failure to

investigate additional evidence was objectively unreasonable and would have produced a

different result at trial.").

As an initial matter, Mr. Kirkham appears to be correct that his attorney did not conduct a

detailed inquiry about each and every image alleged to be child pornography before advising on

the guilty plea.  But he states no basis for finding that counsel's failure to do so prejudiced him.

Specifically, Mr. Kirkham has never contended or given any proof that the fact investigation he

envisions would have ultimately resulted in a finding that fewer than 600 of the images he possessed constituted child pornography.  To the contrary, the facts indicate that Mr. Kirkham possessed over 5,000 images which appeared to be child pornography.  Mr. Kirkham himself admitted that at least two of those images were indisputably child pornography in his plea agreement.  His counsel guessed that the number was closer to 600 or more.  At the sentencing hearing, the court found that several images in Mr. Kirkham's possession depicted children younger than 12 years old engaged in sexual activity.  Moreover, Mr. Kirkham has never denied that any of the thousands of images he possessed were child pornography, and has admitted to having a problem with child pornography.

In light of these facts, it is highly unlikely that the investigation into the images Mr. Kirkham describes would have altered the case facing Mr. Kirkham.  In fact, counsel may have seen some potential risks in conducting an investigation along the lines suggested by Mr. Kirkham (e.g., seeking to interview victims of child pornography), such as making the government less willing to bargain.  Mr. Kirkham's counsel's decision not to make such an investigation in those circumstances was not a prejudicial error.  See, e.g., United States v. Walters, 163 Fed. Appx. 674, 683 (10th Cir. 2006) (holding that counsel's decision not to pursue what appears to be "fruitless or even harmful" investigation before advising client to plead guilty was not ineffective) (quoting Strickland, 466 U.S. at 691).  Moreover, given that an exhaustive factual probe into the images was unlikely to benefit Mr. Kirkham and perhaps could have harmed him, it was not objectively unreasonable for counsel not to undertake one.

Mr. Kirkham also asserts that he would have not have plead guilty if he had known that his lawyer could have made an investigation into each and every image.  First, it must be noted that Mr. Kirkham admitted in his plea agreement that he understood the nature of the charge against him, what the government had to prove to convict him, and that he had a full

understanding of his rights and the facts and circumstances of the case.  In light of these admissions, the court finds it unlikely that Mr. Kirkham's attorney did not explain to him that an investigation could be made into the images.

Even assuming *arguendo* that Mr. Kirkham's attorney did not do so, the question becomes, so what?  As explained above, there are numerous facts on the record suggesting that a significant percentage of the thousands images in Mr. Kirkham's possession depicted actual children engaged in sexual activities.  Mr. Kirkham has never disputed this, instead complaining that the number of images that count as child pornography has not been conclusively shown by the government.  It therefore appears likely that Mr. Kirkham would have plead guilty even if he had known that a complete investigation into each image could have been made.  See, e.g., Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir.2001) (a petitioner's "mere allegation" that he would have insisted on trial but for counsel's errors does not entitle him to relief) (citation omitted).

Finally, Mr. Kirkham argues that his counsel did not research all plausible options before advising him to plead guilty.  This assertion is belied by the record.  Mr. Kirkham admitted to the court on several occasions that he understood that he had the right to go to trial.  He further verified that he was satisfied with his counsel and that prior to his plea, his counsel had discussed the plea agreement and his options with him.  As there is little doubt that Mr. Kirkham understood his options, he cannot be heard to claim that his counsel was ineffective for not researching options.

### B.    Ineffective Assistance of Counsel at Sentencing

Mr. Kirkham also alleges that his counsel's failure to object to certain evidence at the sentencing hearing lead him to receive a higher sentence.  As a factual matter, the record makes clear that Mr. Kirkham's counsel did object to the government's factual positions at several

points, including in objections to the presentence report and at the sentencing hearing.

As a legal matter, Mr. Kirkham could not show prejudice even if counsel had not made those objections.  This is because the court expressly found that it would have reached the same sentence even considering the possession charge alone and not considering any of the conduct relating to the other counts.  Accordingly, the court based Mr. Kirkham's sentence on the large number of images, the nature of the images, as well as Mr. Kirkham's minimization of his conduct.  Mr. Kirkham had already admitted that some of the images were child pornography. Moreover, Mr. Kirkham's minimization of his conduct cannot be attributed to his counsel, but to Mr. Kirkham alone.  Finally, counsel had no basis to object to the assertion that Mr. Kirkham possessed a large number of images of child pornography, and "counsel is not obligated to make factually or legally baseless arguments, no matter how strongly a client may regard the matter." United States v. Quary, 60 Fed. Appx. 188, 190 (10th Cir. 2003).  Mr. Kirkham's ineffective assistance claim regarding counsel's supposed mistakes at sentencing thus fails.

## II.   <u>Ineffective Assistance Of Appellate Counsel</u>

Mr. Kirkham's allegation of ineffective assistance of appellate counsel is based entirely on his initial counsel's alleged deficiencies. The court has found, however, that Mr. Kirkham's initial counsel made no prejudicial errors.  Accordingly, Mr. Kirkham's allegations regarding ineffective assistance of appellate counsel are groundless.

### ORDER

For the above reasons, Mr. Kirkham's § 2255 Motion is DENIED.

DATED this 15th day of April, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge